## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MOORING CAPITAL FUND, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO.  CIV-06-0006-HE |
| | ) | |
| PHOENIX CENTRAL, INC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Judith Knight and Mini Malls of America ("Mini Malls") have filed an amended complaint asserting negligence, negligent misrepresentation, and negligent nondisclosure claims against Mooring Capital Fund, LLC ("Mooring").  The complaint states that Ms. Knight is the owner and president of both Mini Malls and defendant Phoenix Central, Inc. ("Phoenix").[1]  Ms. Knight has also asserted a claim for intentional infliction of emotional distress.  Mooring has moved once again to dismiss Ms. Knight and Mini Malls's claims.

When considering whether the claims should be dismissed under Fed.R.Civ.P. 12(b)(6), the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the nonmoving party.  Anderson v. Suiters, 499 F.3d 1228, 1232 (10th Cir.2007).  A claim will be dismissed if "the complaint does not contain enough facts to state a claim to relief that is plausible on its face."  Id. (Internal quotations omitted).  "'[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the

---

[1]*This case is a consolidated case which includes the claims of Mooring against defendant Phoenix and the counterclaims of Phoenix against Mooring as initially asserted in this case.  It also now includes the claims at issue in this motion, those of Knight and Mini Malls, originally asserted by them in Case No. CIV-07-1410-HE as plaintiffs.*

pleaded claims is insufficient; the complaint must give the court reason to believe that <u>this</u> plaintiff has a reasonable likelihood of mustering factual support for <u>these</u> claims.'" *Id.* (quoting <u>Ridge at Red Hawk, L.L.C. v. Schneider</u>, 493 F.3d 1174, 1177 (10th Cir.2007)). Considering the amended complaint under this standard, the court concludes Ms. Knight and Mini Malls's claims must be dismissed.

The amended complaint does not allege sufficient facts to state a claim in Mini Malls's favor against Mooring.  In order to make out a negligence claim against a party, there must be a duty of care owed by that party to the plaintiff.  Here, there is no showing of a basis for such a duty as to Mini Malls.[2]  The lender cannot be held liable to Mini Malls simply because Knight is the sole stockholder and president of both Phoenix and Mini Malls and "Bank One, Oklahoma, N.A. (Mooring's predecessor in interest) ... and its predecessors were cognizant that Knight, Phoenix and Mini Malls are inextricably linked and had insisted on financial information from Knight, Phoenix and Mini Malls from the original loan inception forward." Amended Complaint, p. 2, ¶6.  The alleged relationship between Mooring and Mini Malls is too attenuated to support liability under any legal theory.

A different circumstance exists, however, with respect to Ms. Knight, as she has alleged that she "executed the Amended Note in 1998  as the President of Phoenix Central,

---

[2]*The amended complaint includes conclusory allegations that Mooring owed Knight and Mini Malls a duty to account for payments and to communicate payoffs accurately.  However, at least as to Mini Malls, the complaint does not include any factual basis for such conclusory assertions.*

Inc. and in her individual capacity." Amended Complaint, p. 2, ¶7.[3]  If a party to the note, Ms. Knight may have claims against Mooring that parallel those of Phoenix.[4]  However, as presently pleaded, Ms. Knight's claims (other than for intentional infliction of distress, treated below) sound purely in negligence.  As such, they fail to state a claim because more than mere negligence is required, in a commercial lending setting in Oklahoma, to impose tort liability on a lender.  *See* Roberts v. Wells Fargo AG Credit Corp., 990 F.2d 1169, 1174 n.6 (10th Cir. 1993) ("'[G]ross recklessness or wanton negligence ... may call for an application of the theory of tortious breach of contract ....'") (quoting Rodgers v. Tecumseh Bank, 756 P.2d 1223, 1227 (Okla. 1988)).

Ms. Knight's remaining claim – for intentional infliction of emotional distress – fails for a different reason.  Ms. Knight has not alleged conduct sufficient to trigger liability for intentional infliction of emotional distress.  The tort of intentional infliction of emotional distress, also referred to as the tort of outrage, is governed by the narrow standards of the Restatement (Second) of Torts § 46(1), which provides: "'One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from

---

[3]*The court's statement in its March 28, 2008, order that Ms. Knight was not personally a party to the pertinent agreements appears to have been incorrect.  While her signature did not appear on certain of the copies of the pertinent note referenced in prior filings, Ms. Knight's amended complaint plainly alleges that she also signed the note in her individual capacity and certain of the documents now before the court appear consistent with that assertion.*

[4]*Contrary to Mooring's suggestion, the issue is not whether Ms. Knight has standing to assert the claims of Phoenix.  She plainly does not.  Rather, the question is whether she states a claim of her own.*

it, for such bodily harm.'" Computer Publications, Inc. v. Welton, 49 P.3d 732, 735 n.2 (Okla.2002) (quoting Restatement (Second) of Torts § 46 (1977)).  The amended complaint alleges neither extreme and outrageous conduct nor severe emotional distress.

Accordingly, Mooring's motion to dismiss [Doc. #217] is **GRANTED.**   The claims of Ms. Knight and Mini Mall are **DISMISSED.**[5]  If Ms. Knight intends to assert, as a party to the note, claims paralleling the surviving claims of Phoenix, she is directed to file a further amended complaint not later than **July 10, 2008**.

**IT IS SO ORDERED**.

Dated this 2nd day of July, 2008.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[5] *Mooring has also urged that the claims of these parties are barred by the applicable statute of limitations.  However, as the potential application of the statute of limitations cannot be determined from the face of the complaint, it is not an alternate or additional basis for the court's disposition of the present motion.*